**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-812 T
(Filed: April 4, 2018)

**FILED**
APR - 4 2018
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ALAN DAVID COOPER, | ) |
| Plaintiff, | ) Motion to Dismiss; Lack of |
| v. | ) Subject Matter Jurisdiction; |
| | ) RCFC 12(b)(1); RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Alan David Cooper, Eau Claire, WI, pro se.

Karen E. Servidea, Trial Attorney, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, Mary M. Abate, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's revised motion to dismiss plaintiff's complaint, see Def.'s Mot. to Dismiss, ECF No. 27, in which plaintiff alleges entitlement to damages and injunctive relief against the Internal Revenue Service (IRS), see Compl., ECF No. 1. Defendant moves to dismiss plaintiff's complaint in part for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), and in part for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6). See ECF No. 27. For the following reasons, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is dismissed.

I.     Background

Plaintiff's complaint is not a model of clarity. See ECF No. 1. In the five page document, plaintiff appears to allege various instances of wrongdoing on the part of Internal Revenue Service (IRS) agents who are not named in the complaint, most of

7017 1450 0000 1346 0980

which seem to relate to fraud or misrepresentation. See id. at 1 (stating that "various IRS Agents, known and/or unknown, [see attachments], have used a fraudulent/substituted "Argument 44", not written in the correct 48 Frivolous Arguments by the Secretary of the Treasury, to commit mail fraud, among other statutes listed [see attached list #18, pg. 26]") (bracketed material in original); id. at 3 (labeling a section of the complaint "Mail Fraud"); id. at 4 (listing three categories of misrepresentation: intentional, negligent, and strict responsibility for misrepresentation). Plaintiff also mentions negligence, but makes no specific, supporting factual allegations. See id.

Defendant has worked diligently to discern the direction of plaintiff's argument, sifting through the voluminous attachments to the complaint. The court appreciates defendant's efforts in this regard, but declines to engage in the analysis of facts or argument that are explicitly laid out in the complaint.

II.     Legal Standards

Pursuant to the Tucker Act, the court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If, however, a motion to dismiss "challenges the truth of the jurisdictional facts alleged in the complaint, the . . . court may consider relevant evidence in order to resolve the factual dispute." Id. at 747. If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.    Analysis

As noted above, plaintiff's complaint appears to assert claims against "known and/or unknown" individual IRS agents. See ECF No. 1 at 1. The court is plainly without jurisdiction to consider claims against such individuals. See 28 U.S.C. §

2

1491(a)(1). "The United States is the only proper defendant in this Court." Johnson v. United States, No. 17-353, 2017 WL 7596910, at *4 (Fed. Cl. Aug. 11, 2017) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); Steward v. United States, 130 Fed. Cl. 172, 178 (2017) ("It is . . . well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States")). "Claims for relief sought against any other party, including officers of the United States government and any other individual, 'must be ignored as beyond the jurisdiction of the court.'" Matthews v. United States, 72 Fed. Cl. 274, 279 (2006) (quoting Sherwood, 312 U.S. at 588). In light of this well-established law, the court finds it lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals.

Even assuming, however, that plaintiff intended to assert his claims against the United States, the court does not have the authority to consider them. Any claims of fraud, misrepresentation, or negligence are either tort claims or claims of criminal conduct—neither of which this court can properly adjudicate. See 28 U.S.C. § 1491(a)(1); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (noting that the Court of Federal Claims "lacks jurisdiction over tort actions against the United States") (citing Keene Corp. v. United States, 508 U.S. 200, 214 (1993)); Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011) (stating that the Court of Federal Claims "has no jurisdiction over criminal matters"); Johnson v. United States, 411 F. App'x 303, 305 (Fed. Cir. 2010) (stating that the Court of Federal claims lacks jurisdiction over claims "sounding in either criminal or tort law").

IV.    Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider any of the claims in plaintiff's complaint. Defendant's motion to dismiss, ECF No. 27, is **GRANTED**, pursuant to RCFC 12(b)(1) and RCFC 12(h)(3). The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_Patricia E. Campbell-Smith_
PATRICIA E. CAMPBELL-SMITH
Judge